UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:10-cr-0066-SEB-TAB-1 |
| | ) | |
| LORNA K. SANDER, | ) | |
| | ) | |
| Defendant. | ) | |

# Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on December 31, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 23, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 23, 2014, defendant Lorna Sander appeared in person with her appointed counsel, Mike Donahoe. The government appeared by Sharon Jackson, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Shelly McKee, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Ms. Sander of her right to remain silent, her right to counsel, and her right to be advised of the charges against her. The court asked Ms. Sander questions to ensure that she had the ability to understand the proceedings and her rights.

2. A copy of the Petition was provided to Ms. Sander and her counsel, who informed the court they had reviewed the Petition and that Ms. Sander understood the violations alleged. Ms. Sander waived further reading of the Petition.

3. The court advised Ms. Sander of her right to a preliminary hearing and its purpose in regard to the alleged violations of her supervised release specified in the Petition. Ms. Sander was advised of the rights she would have at a preliminary hearing. Ms. Sander stated that she wished to waive her right to a preliminary hearing.

4. Ms. Sander stipulated that there is a basis in fact to hold her on the specifications of violations of supervised release as set forth in the Petition. Ms. Sander executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Ms. Sander of her right to a hearing on the Petition and of her rights in connection with a hearing. The court specifically advised her that at a hearing, she would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against her unless the court determined that the interests of justice did not require a witness to appear.

6. Ms. Sander, by counsel, stipulated that she committed Violation Numbers 1, 2, 3 (in part), 4, 5, 6, 7 and 8 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 2 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| 3 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

On October 3, and 30, 2013, and November 12, 2013, Ms. Sander provided urine specimens which tested positive for marijuana. She admitted smoking marijuana. A subsequent drug screen collected on December 10, 2013, tested negative.

As previously reported to the Court, on June 10, 2011, Ms. Sander provided a urine specimen which tested positive for amphetamine. She admitted taking medication that was not prescribed to her. On July 28, and August 8, 2011, and August 21, 2012, she provided urine specimens which tested positive for marijuana. In addition, she admitted smoking marijuana on or about September 29, 2012.

| 4 | **"The defendant shall pay any restitution that is imposed by this judgment."** |

As previously reported to the Court, Ms. Sander is required to pay restitution in the amount of $52,928, at a rate of not less than 10% of her gross monthly income. Between January 26, 2012, and October 10, 2012, Ms. Sander failed to show a "good faith effort" by remitting only four payments totaling $79, despite being employed until July 2012.

Over the past 14 months, Ms. Sander has remitted only eight payments, totaling $209. The last payment was remitted on August 16, 2013, leaving a balance of $52,640.

| 5 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |

On June 27, 2013, the defendant was verbally instructed to remit monthly payments in the amount of 10% of her income. Since that time, she has

remitted only one payment of $20 on August 16, 2013, despite being employed until approximately September 23, 2013.

As previously reported to the Court, on November 9, 2011 and December 12, 2011, the defendant was instructed to make payments toward her financial obligations. Now payment was received until February 3, 2012.

| | |
|---|---|
| 6 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment."** |

Ms. Sander failed to report for drug testing on March 31, 2013, October 13, 2013, and December 29, 2013.

As previously report to the Court, Ms. Sander failed to report for drug screens on September 15, 18, and 27, 2012.

Ms. Sander has failed to pay the initial $150 treatment fee and two $75 relapse fees, for a total balance of $300.

| | |
|---|---|
| 7 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |

The defendant left her approved residence at the Lucille Raines Center in Indianapolis and did not notify this office of her move until October 14, 2013, which was approximately three weeks later.

| | |
|---|---|
| 8 | **'The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month."** |

The defendant has failed to submit any monthly supervision reports since April 2013.

7. Ms. Sander confirmed that she made the voluntary decision to waive her right to a hearing on the allegations of the Petition and that no promise was made to her regarding the magistrate judge's recommended disposition of the Petition. The court placed Ms. Sander under oath and directly inquired of Ms. Sander whether she admitted violations 1, 2, 3, 4, 5, 6, 7, and 8

4

of her supervised release set forth above. Ms. Sander admitted the violations as set forth above. Although she further qualified or explained the facts underlying violations 1 through 5, the court finds that she in substance admitted violation of the above-specified conditions of supervised release.

8. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Ms. Sander's criminal history category is 1.

   (c) The range of imprisonment applicable upon revocation of Ms. Sander's supervised release, therefore, is 4-10 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of six (6) months, with a recommendation that she be placed at the Volunteers of America, with no supervised release to follow. Ms. Sander further requested that she be permitted to self-surrender upon assignment by Bureau of Prisons; the government sought an order that Ms. Sander be taken into custody immediately. The parties presented argument on this issue.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, LORNA K. SANDER, violated the above-specified conditions in the Petition and that her supervised release should be and therefore is **REVOKED**, and she is sentenced to the custody of the Attorney General or his designee for a period of six (6) months, with the recommendation to be placed at the Volunteers of America, with no supervised release to follow. The court further orders that Ms. Sander is to remain on current conditions of supervised release pending the

district court's action on this Report and Recommendation and that she is to self-surrender upon assignment by the Bureau of Prisons.

Counsel for the parties and Ms. Sander stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Ms. Sander entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Ms. Sander's supervised release, imposing a sentence of imprisonment of six (6) months in the custody of the Attorney General or his designee with no supervised release to follow, with the recommendation that she be placed at the Volunteers of America, and ordering that Ms. Sander self-surrender upon assignment by the Federal Bureau of Prisons.

IT IS SO RECOMMENDED.

Date: 01/29/2014

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal